IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
SEP - 6 2007
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| ZULFIGAR AHMED, | ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 1:07cv540 |
| ALBERTO GONZALES, et. al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants' Motion to Dismiss, or, in the Alternative, for Remand.  This case concerns the failure of the United States Citizen and Immigration Services ("CIS") to process Plaintiff Zulfigar Ahmed's application for citizenship within 120 days of the completion of his examination. There are two issues before the Court.  First, the Court must determine whether it has subject matter jurisdiction over Plaintiff's citizenship application given that 120 days have passed since his examination by CIS.  Second, if the Court finds that it does have subject matter jurisdiction, then it must decide if it should make a determination on the Plaintiff's application or if it should remand the case to CIS.  The court holds that it has subject matter jurisdiction because the "examination" described in the statute at issue was a discrete event occurring more than 120 days prior to the filing of this action.  However, the Court also holds that while it does have jurisdiction, it will not make a final decision on Plaintiff

Ahmed's application; the Court remands the case to CIS to make a determination because the court does not have the resources or expertise to make a proper determination, especially in the absence of a completed Federal Bureau of Investigation ("FBI") background check.

## I. BACKGROUND

Plaintiff Ahmed filed an application to become a naturalized American citizen on May 21, 2004. He appeared for his citizenship interview on July 11, 2005 and passed the requisite English and United States history/government tests. To date, the FBI has not completed his background check.

## II. DISCUSSION

### A. Standard of Review

The Federal Rules of Civil Procedure allow a party to move for dismissal of a case based on lack of subject matter jurisdiction. FED. R. CIV. P. 12(B)(1). Where subject matter jurisdiction is challenged, the factual allegations are assumed true and the Court must make all reasonable inferences in the plaintiff's favor. *See Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995). If, however,

> the motion challenges the actual existence of the Court's subject matter jurisdiction, . . . the Court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."

*Id.* (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th

Cir. 1993)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994). The burden of proving subject matter jurisdiction is on the plaintiff. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

**B. Analysis**

### 1. <u>Subject Matter Jurisdiction</u>

The Court holds that it has subject matter jurisdiction under 8 U.S.C. § 1447(b) because the term "examination" in the statute refers to a specific event (which occurred more than 120 days before this case was filed). Each applicant for naturalization must undergo an examination by an employee of CIS, who is authorized to take testimony, administer oaths, and issue subpoenas for witnesses and documents. 8 U.S.C. § 1446(b); 8 C.F.R. § 335.2(a). CIS may not make a final determination on an applicant before receiving confirmation from the FBI that the FBI completed a full criminal background check. Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, Pub. L. No. 105-119, 111 Stat. 2440, 2448-49 (1998). CIS will notify applicants to appear for initial examination only after receiving the FBI background check. 8 C.F.R. § 335.2(b). If CIS fails to make a determination on the application of an individual seeking naturalization within 120 days of the applicant's examination, the applicant may apply to the United States District Court for the district in which the

applicant resides for a hearing on the matter. 8 U.S.C. § 1447(b). The Court may either determine the matter or remand the matter to CIS for determination. *Id.*

The Court holds that subject matter jurisdiction exists because the statutory and regulatory language makes clear that the "examination" is a discrete event, not an ongoing process. In similar cases, other courts in the Eastern District of Virginia have not held that they have subject matter jurisdiction. *See Martinez v. Gonzales*, 463 F. Supp. 2d 569 (E.D. Va. 2006); *Danilov v. Aguirre*, 370 F. Supp. 2d 441 (E.D. Va. 2005). However, the majority of district courts around the country that have considered this issue have come to the opposite conclusion; their reasoning is more persuasive. *See, e.g., Arshad v. Chertoff*, 2007 WL 701185, at *2 (E.D. Tex. Mar. 2, 2007) ("The vast majority of district courts addressing the issue have held that "examination" refers to the discrete event of the USCIS interview."); *id.* at n.4 (listing seventeen cases with similar holdings).

The Court in *Hussein v. Gonzales*, 2007 WL 328691 (M.D. Fla. Jan. 31, 2007), laid out three reasons that courts "have typically rejected the *Danilov* holding." *See Hussein*, 2007 WL 328691, at *2. First, § 1447(b) states that the 120-day period begins to run "after the date on which the examination is conducted," which implies that there is a specific date on which the examination occurs, rather than it being part of an ongoing

process. Second, § 1446 distinguishes between examinations and investigations. Third, the CIS regulations also maintain a distinction between examination and investigation. *Compare* 8 C.F.R. § 335.1 (describing the investigation process) *with* 8 C.F.R. § 335.2 (proving for examination of the applicant). Further evidence that the examination is a discrete event can be found in 8 C.F.R. § 335.2(b); this regulation requires the FBI to complete the background check before the initial examination may take place. This clearly indicates that the examination is not a process that includes the background check, but rather that they are two separate elements of the same investigation process. *See Khelifa v. Chertoff*, 443 F. Supp. 2d 836, 841 (E.D. Mich. 2006). Because the term "examination" is a discrete event, which occurred more than 120 days prior to the filing of this case, the Court finds that it has subject matter jurisdiction.

The Court's decision is supported by the Fourth Circuit's recent holding that the proper filing of a § 1447(b) petition 120-days after the "naturalization examination" provides the district court with exclusive jurisdiction over a naturalization application and divests the CIS of decision-making authority unless the district court remands the application back to CIS. *See Etape v. Chertoff*, __ F.3d __, 2007 WL 2200286 (4th Cir. Aug. 2, 2007).[1]

---

[1] Having determined that the Court has subject matter jurisdiction pursuant to § 1447(b), it is unnecessary for the

5

## 2. Disposition of This Case

The Court is in a very difficult posture here; it recognizes that Mr. Ahmed has followed the rules and apparently has submitted a proper application for naturalization. Now that more than one year has passed, Mr. Ahmed's plans to travel to his home country to marry have been delayed. This process is frustrating Mr. Ahmed's earnest desire for full citizenship and his desire to marry and start a family, as he may not travel internationally while this application is pending. The Court acknowledges Mr. Ahmed's concerns and hopes that his application will move forward. On the other hand, however, the Court notes that there are countless thousands of similarly situated naturalization candidates waiting in the queue for the FBI to complete their background checks. The Court is concerned that it should not jump Mr. Ahmed's application to the front of the line because it may not be fair to others waiting. Because the Court cannot independently conduct a background check, the Court must wait on the FBI bureaucracy to move Mr. Ahmed's application forward. Even though the Court has subject matter jurisdiction over this case, it remands the case back to CIS because it does not have the resources necessary to make a decision on Mr. Ahmed's naturalization application. Courts that find subject matter

---

Court to address Plaintiff's assertion that Court may also exercise subject matter jurisdiction under the Administrative Procedure and Mandamus Acts.

jurisdiction in this situation "uniformly support[] Defendants' contention that CIS generally should be given the opportunity to decide applications for naturalization in the first instance." *Khelifa*, 433 F. Supp. 2d at 842. As the Court in *El-Daour v. Chertoff* explained:

> the very reason that the CIS did not process El-Daour's application within 120 days of his examination prevents me from deciding the application. The FBI has not yet completed the criminal background check. This is a vital piece of information. A court is not equipped to conduct such an investigation. I do not have the resources at my disposal to determine whether El-Daour presents a risk to national security or to public safety.

417 F. Supp. 2d 679, 683-84 (W.D. Pa. 2005).

Because the Court does not have the resources to make a determination itself, the Court remands this case to CIS to make a determination expeditiously upon receipt of the relevant background check information from the FBI.

### III. CONCLUSION

The Court holds that it has subject matter jurisdiction because the term "examination," as used in 8 U.S.C. §§ 1446 and 1447 and in 8 C.F.R. §§ 335.2 and 335.3, is a discrete event which occurred more than 120 days prior to the filing of this case. The Court remands this case to CIS to make a final determination expeditiously (as soon as the FBI criminal background check is completed) because the Court does not possess the resources or expertise to make a determination itself;

requiring CIS to make a determination before receiving the FBI background check would violate Congressional intent. From the foregoing, it is hereby

ORDERED that Defendant's Motion to Dismissed based on lack of subject matter jurisdiction is DENIED. It is further

ORDERED that Defendant's Motion to Remand this case to CIS is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this 6th day of September, 2007.

Alexandria, Virginia
9/06/07

/s/
Gerald Bruce Lee
United States District Judge

8